IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL FORREST, | ) | |
|     Petitioner, | ) | Civil Action No. 12-318 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| DEBRA K. SAUERS, et al., | ) | |
|     Respondents. | ) | |

## MEMORANDUM AND ORDER[1]

Petitioner, Michael Forrest, is currently incarcerated in the State Correctional Institution Forest ("SCI Forest"). In December of 2012, he submitted for filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In it, he challenged the judgment of sentence imposed upon him on January 29, 2010, by the Court of Common Pleas of Centre County at Criminal Docket No. CP-14-CR-446-2009. Centre County is located within the territory of the U.S. District Court for the Middle District of Pennsylvania. SCI-Forest is located within the territorial boundaries of this District.

On January 8, 2013, this Court issued an Order directing the Clerk of Court to transfer this case to the Middle District Court. It was docketed in the Middle District Court at Civil Action No. 3:13-cv-67 and assigned to the Honorable A. Richard Caputo. The docket for that case, which is available on PACER, shows that that court has issued to Forrest the standard pro se letter that it sends to habeas petitioners at the commencement of a case and that Forrest has filed at least one document in that case.

After this case was transferred, Forrest filed two motions [ECF Nos. 13 and 17] with this Court, which are essentially motions requesting that this Court reconsider its January 8, 2013, Order.[2] In his

---

[1]     In accordance with the provisions of 28 U.S.C. § 636(c)(1), Petitioner voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment. [ECF No. 4].

[2]     Forrest also filed an appeal of this Court's January 8, 2013, Order to the U.S. Court of Appeals for the Third Circuit. That appeal is pending before it at Court of Appeals Docket No. 13-1175. A review of that docket on PACER shows that on January 24, 2013, the Third Circuit Court sent Forrest a letter advising him that his appeal will be submitted to a panel of the

motions, Forrest makes what appear to be outlandish accusations against Judge Caputo, who has presided over other actions filed by Forrest in the Middle District Court, as well as against many of those individuals that were involved in the prosecution of his state criminal case in Centre County. He also levels baseless accusations against this Court, claiming that the undersigned has joined the conspiracy to prevent him from obtaining habeas relief.

Forrest's motions are dismissed because his case has been transferred to the Middle District Court and, therefore, this Court no longer has jurisdiction over it. See, e.g., 15 Charles Alan Wright, et al., Federal Practice and Procedure § 3846 (3d ed. & Supp. Apr. 2003) (collecting cases). If this Court did have jurisdiction, Forrest's motions would be denied on the merits because he was tried, convicted, and sentenced in the Court of Common Pleas of Centre County and therefore most, if not all, of the relevant activity occurred within the territorial boundaries of the Middle District. That is why this Court determined, in an exercise of its discretion, that both the furtherance of justice and the convenience of the parties would be promoted by transferring this case so that it could be litigated in the Middle District Court. This Court's decision was done in accordance with 28 U.S.C. § 2241(d), which provides that in a state, such as Pennsylvania, that contains two or more Federal judicial districts:

> the application [for a writ of habeas corpus] may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. **The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.**

28 U.S.C. § 2241(d) (emphasis added). Also relevant was 28 U.S.C. § 1404(a), which provides that: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district … where it might have been brought[.]" Moreover, this Court's

---

court for possible dismissal because it appears that the court lacks appellate jurisdiction since this Court's January 8, 2013, Order is not a final order.

2

decision also was in accordance with the agreed practice of the U.S. District Courts for the Eastern, Middle, and Western Districts of Pennsylvania, which is to transfer any habeas petitions filed by state prisoners in their respective districts to the district in which the county where the judgment of sentence was had is located.

Finally, this Court would also deny Forrest's motions on the merits because his accusations against Judge Caputo are no basis for this Court to reconsider its decision to transfer this case. If Forrest believes that Judge Caputo's impartiality might reasonably be questioned, he may file a motion for recusal in his case in the Middle District Court. He is forewarned, however, that unsubstantiated and conclusory statements do not suffice to support a motion for recusal. See, e.g., Hill v. Carpenter, 323 F.App'x 167, 170 (3d Cir. 2009) (upholding district court's refusal to recuse itself where "conclusory allegations" in the motion "failed to provide evidence to support this accusation[.]") (citing United States v. Vespe, 868 F.2d 1328, 1340 (3d Cir. 1989) ("[c]onclusory statements and opinions" made in support of a motion for recusal "need not be credited")). Forrest cannot manufacture grounds for recusal by making outlandish accusations against the presiding judge or vague accusations of conspiracy against him. See, e.g., Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1355-57 (3d Cir. 1990). See also Gallop v. Cheney, 645 F.3d 519, 521 (2d Cir. 2011) (denying motion for recusal) and Gallop v. Cheney, 660 F.3d 580, 582 (2nd Cir. 2011) (describing bizarre allegations made in the motion for recusal). Forrest's dissatisfaction with his litigation experience in the Middle District Court is not a meritorious reason for asking this Court to reconsider its decision to transfer this case to that Court.

An appropriate Order follows.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL FORREST,                )
    Petitioner,             )     Civil Action No. 12-318 Erie
                                )
v.                              )
                                )     Magistrate Judge Susan Paradise Baxter
DEBRA K. SAUERS, et al.,        )
    Respondents.            )

## ORDER

AND NOW, this 2nd day of May, 2013;

IT IS HEREBY ORDERED that the motions pending before the Court at ECF Nos. 13 and 17 are **DISMISSED**.


        /s/ Susan Paradise Baxter
        SUSAN PARADISE BAXTER
        United States Magistrate Judge